UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| PHILLIP TRUESDELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 3:19-cv-00066-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ADAM MEIER, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*** *** *** ***

The Plaintiff, Legacy Medical Transport, LLC, is a ground ambulance service that currently operates in Ohio but wishes to operate in Kentucky, as well.  [R. 18 at 2.]  The Kentucky Hospital Association (KHA) is a non-profit state association of hospitals, related health care organizations, and integrated health care systems.  [R. 38-1 at 2.]  Patient Transport Services' (PTS) is an Ohio corporation that has been operating a Class I ground ambulance service in Kentucky since 2015.  [R. 18 at 3.]  Recently, this Court granted PTS' Motion to Intervene as a Defendant in this suit .  [R. 34.]  Now, KHA seeks to intervene in this action as a defendant pursuant to Federal Rule of Civil Procedure 24 in order to protect Kentucky's hospitals and health systems, should this suit have an impact on them in the future.  [R. 38-1.]  To that end, KHA filed a Motion to Intervene along with a Proposed Motion to Dismiss.  [*Id.*; R. 38-5.]  Plaintiffs filed a Response [R. 44] objecting to KHA's intervention on the grounds KHA's perspective as a Certificate holder of other types of medical services besides ambulances

is irrelevant in this lawsuit and PTS adequately represents KHA's interests in the suit.  For the reasons that follow, the Court denies KHA's motion.

## I

## A

Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The parties agree that the standard within the Sixth Circuit for determining whether intervention as a matter of right is proper was correctly enunciated in *Jansen v. City of Cincinnati*:

> ...the proposed intervenors [must] demonstrate that the following four criteria have been met: (1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest.

904 F.2d 336, 340 (6th Cir. 1990) (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)); *see also Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999); Fed. R. Civ. P. 24(a).  "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied."  *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

## 1

Federal Rule of Civil Procedure 24 recognizes two forms of intervention: Intervention of Right and Permissive Intervention.  The first condition to intervening under either provision is a

"timely motion." The question of timeliness requires consideration of the "totality of the circumstances." *Davis v. Lifetime Capital, Inc.*, 2014 WL 1011430 (6th Cir. Mar. 18, 2014) (citing *Stupak–Thrall v. Glickman,* 226 F.3d 467, 475 (6th Cir. 2000)). The decision is not governed by an "absolute measure of time between the filing of the complaint and the motion to intervene." *Stupak-Thrall*, 226 F.3d at 475 (*citing Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994)). In making the timeliness determination, the Sixth Circuit teaches that a Court should consider five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Davis*, 2014 WL 1011430 at *11 (quoting *Jansen,* 904 F.2d at 340).

Proposed Intervenors assert that their Motion is timely because this case is still in its early stages since Defendants' motion to dismiss is still pending, no scheduling order has been entered, and discovery has not begun. [R. 38-1 at 5.] Plaintiffs oppose this notion, arguing that substantial progress has been made in this case and there is no need to delay resolution of the pending motions to allow for a third duplicative motion to dismiss. [R. 44 at 8.]

Defendants filed a Motion to Dismiss on October 29, 2019 [R. 16] and Plaintiffs responded by filing a First Amended Complaint on November 19 [R. 17]. PTS filed a Motion to Intervene [R. 38] which the Court ultimately granted [R. 34]. Both Defendants have filed a Motion to Dismiss as to Plaintiff's Amended Complaint [R. 33; R. 36] and the Court has yet to rule on them since the Motion to Intervene by KHA is pending. KHA filed their Motion to Intervene on February 10, 2020 which is nearly 5 months after this suit was filed. [R. 38.]

3

The court views the timeliness issue as primarily touching upon the point to which the suit has progressed, and the length of time preceding the application, as opposed to the possibility of any future delay.  Courts have found that where little time has elapsed since the suit was filed, and little discovery has taken place, there is little prejudice to the existing parties on the basis of timeliness.  *See, e.g., Shy v. Navistar Inern. Corp.*, 291 F.R.D. 128, 133 (S.D. Ohio 2013); *see also Stupak-Thrall*, 226 F.3d at 475.  Any unusual circumstances brought up by the parties such as the representation of Plaintiffs and the potential for allowing all affected entities to intervene should be addressed in the other factors that the Court will discuss.  The purpose of the intervention will be more fully addressed in considering whether the movants have substantial legal interest in the case.  After considering the context of all relevant circumstances, the Court does not find that KHA's motion to intervene should be denied on the basis of timeliness.

**2**

Next, the proposed intervenors must demonstrate that they have a "significant legal interest in the subject matter of the pending litigation." *Jansen*, 904 F.2d at 340.  Although the Sixth Circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right," *Grutter*, 188 F.3d at 398 (citation omitted), this "does not mean that any articulated interest will do." *Coal. To Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (citations omitted); *see also Stupak-Thrall*, 226 F.3d at 472 ("[T]his does not mean that Rule 24 poses no barrier to intervention at all.").  To the contrary, the proposed intervenors must show "a direct, significant legally protectable interest" in the subject matter of the litigation, *United States v. Detroit Int'l Bridge Co.*, 7 F.3d 497, 501 (6th Cir. 1993), sufficient "to make it a real party in interest in the transaction which is the subject of the proceeding."

4

*Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 317 (6th Cir. 2005)

(citation omitted).  Thus, the "inquiry into the substantiality of the claimed interest is necessarily

fact-specific."  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

KHA's members are health facilities in Kentucky who are subject to the CON program.

[R. 38-1 at 10.]  Here, proposed intervenor claims that, "the outcome of this litigation will

directly affect the operations of KHA members and the patients they serve, and the KHA is

uniquely positioned to offer a state-wide perspective on the effect and purpose of the CON

program, and the impact its invalidation would have on the health care community across the

Commonwealth."  [*Id*. at 13.]  Plaintiff argues KHA's interest, which is based on its members'

Certificates to operate in all industries subject to the CON program, is not relevant in this case.

[R. 44 at 4.]  This lawsuit only challenges the CON criteria in the context of ambulances only.

[*Id*.]

As noted above, the inquiry into whether the interest advanced is sufficiently substantial

for intervention is very fact-specific, *Miller*, 103 F.3d at 1245, but the proposed intervenors have

not provided support for their contention that their generalized interest in explaining the purpose

and effects of Kentucky's CON program from the perspective of all provider types across the

state is sufficient to allow them to intervene as of right within the specific facts of this particular

case.  The Sixth Circuit case cited by proposed intervenors actually undermines their argument.

In *Coalition to Granholm*, 501 F.3d at 775, the Sixth Circuit affirmed the district court's denial

of an organization's motion to intervene, explaining that although the organization had advocated

for and been involved in the passage of a particular law, that organization's subsequent interest

in challenging the enforcement of the law was not substantial or direct enough to warrant

intervention as of right.  *Id.* at 782 ("Where. . . an organization has only a general ideological

interest in the lawsuit — like seeing that the government zealously enforces some piece of legislation that the organization supports — and the lawsuit does not involve the regulation of the organization's conduct, without more, such an organization's interest in the lawsuit cannot be deemed substantial."); *see also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 346 (6th Cir. 2007) (finding that an organization's general interest in enforcing a statute is not a sufficiently substantial legal interest for intervention unless the statute also specifically regulates the organization).

Although proposed intervenors assert the contrary, they have not demonstrated how they have more than a general interest in the enforcement of the CON program which could easily be shared by all CON holders, nor have they presented facts that would distinguish their interest from that of current Defendants. As noted above, the Sixth Circuit has adopted "a rather expansive notion" of how substantial the interest must be to satisfy this second factor, *Miller*, 103 F.3d at 1245. However, the Sixth Circuit has also acknowledged that there must be some types of limitations on the legal interest required for intervention. *See, e.g., Northland Family Planning Clinic, Inc.*, 487 F.3d at 346 (expressing concern that "[w]ithout these sorts of limitations on the legal interest required for intervention, Rule 24 would be abused as a mechanism for the over-politicization of the judicial process."). Since Kentucky's CON program has already been enacted, KHA's interest in the enforcement of the program is greatly diminished. It is the responsibility of the Commonwealth to enforce and defend the statute as enforcing as it is written. *Id.* at 346. As KHA concedes, their interest in this case simply pertains to the enforceability of the program in general, which the court does not believe to be cognizable as a substantial legal interest sufficient to require intervention as of right. Under these facts, the Court is similarly concerned that the judicial process and the role of intervention

could be abused apart from allowing intervention as of right based on a stated legal interest that appears so general and attenuated.  Therefore, this factor weighs against the proposed intervenor.

**3**

As to the third factor, the Court must consider whether "the disposition of the action may impair or impede the proposed intervenors ability to protect their legal interest." *Jansen*, 904 F.2d at 340.  To meet their burden, proposed intervenors "must show only that impairment of [their] substantial legal interest is possible if intervention is denied," and that such "burden is minimal." *Grutter*, 188 F.3d at 399.  Proposed intervenors "need not show that substantial impairment of their interest will result, nor from the language of Rule 24(a), that impairment will inevitably ensue from an unfavorable disposition." *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1001) (citing Fed. R. Civ. P. 24(a)).

KHA asserts that the precedential effect of an adverse ruling in the district court could hinder its own efforts to litigate the validity of Kentucky's CON program.  The Sixth Circuit has already acknowledged that potential stare decisis effects can be a sufficient basis for finding an impairment of interest.  *Linton v. Commissioner of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992).  As KHA points out, an adverse ruling for Defendants in this case has the potential to adversely affect subsequent challenges to the constitutionality of Kentucky's CON program and thus directly inhibit KHA's ability from protecting its interests in the construct and enforcement of Kentucky's CON program it should be invalidated.  [R. 38-1 at 14.]  Therefore, KHA has met its minimal burden to establish this element.

**4**

Finally, the Court must ask whether the Defendants may "adequately protect the proposed intervenors' interest." *Jansen*, 904 F.2d at 340.  Although the proposed intervenors

bear the burden of establishing that the existing parties may not adequately protect their interests, they are "not required to show that the representation will in fact be inadequate," but that there is a potential for inadequate representation.  *Miller*, 103 F.3d at 1247; *Linton*, 973 F.2d at 1319. Although it is true that a proposed intervenor must show only "that there is a *potential* for inadequate representation," *Grutter*, 188 F.3d at 400, a presumption of adequate representation arises when a putative intervenor "share[s] the same ultimate objective as a party to the suit." *Michigan*, 424 F.3d at 444.  An applicant for intervention as of right "fails to meet his burden of demonstrating inadequate representation" if he cannot show "collusion . . . between the representatives and an opposing party," pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure "in the fulfillment of his duty." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *see Jansen*, 904 F.2d at 343.

KHA has not overcome the presumption here.  The Cabinet, PTS, and KHA all share the same ultimate objective in defending the validity of Kentucky's CON program; namely to uphold the protest procedure and need requirement of Kentucky's CON program.  KHA insists that their members share a more practical concern on the effect that invalidation of CON program would have on patient care and health care delivery.  [R. 38-1 at 15.]  However, KHA's interest in the lawsuit is identical to PTS's interest, since they both represent private healthcare companies with a Kentucky CON.  KHA argues that PTS's interest is different because it derives from the perspective of an out-of-state ambulance provider, unlike KHA, who represents hospitals and health systems covering the entire state.  [*Id*. at 17.]

In short, although the proposed intervenors may have a different perspective as a representative of in-state CON holders, and could potentially present similar arguments in a different light, "[a] mere disagreement over litigation strategy. . . does not, in and of itself,

8

establish inadequacy of representation." *Bradley*, 828 F.2d at 1192.  Like proposed intervenors, the Cabinet and PTS are also seeking to uphold Kentucky's CON program and are well-positioned to advocate on behalf of all Kentucky CON holders. "[W]hile the respective interests do not need to be 'wholly' adverse in order to support intervention, they must at least be different." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 374 (6th Cir. 2014) (citing *Purnell*, 925 F.2d at 950).  The proposed intervenor has not identified how the Defendants' interest in upholding the program differ from theirs such that the Defendants cannot represent their interests in upholding the CON program, nor have they shown any collusion between the parties, or that the Defendants' interests here are adverse to them, or that the Defendants have thus far failed in their duty.  *See id.*; *Bradley*, 828 F.2d at 1192.  Under this fourth factor, the minimal burden on the intervenor still requires "overcome[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective."  *Bradley*, 828 F.2d at 1192 (citation omitted); *United Financial Cas. Inc. Co. v. Wells*, 2012 U.S. Dist. LEXIS 170078, 2012 WL 6004150, *2 (E.D. Ky. Nov. 30, 2012).

As the intervenor has failed to demonstrate all of the required criteria laid out in *Jansen*, 904 F.2d at 340, intervention as of right under Rule 24(a) is not appropriate. *See Blount Hill*, 636 F.3d at 283 ("Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.") (citing *Grubbs*, 870 F.2d at 345).

**B**

The Court must also consider whether permissive intervention would be appropriate pursuant to Rule 24(b), which provides that "the court may permit anyone to intervene who... has a claim or defense that shares with the main action a common question of law or fact."  Fed. R.

Civ. P. 24 (b)(1).  Once the proposed intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Michigan*, 424 F.3d at 445 (citing *Miller*, 103 F.3d at 1248).  Allowing permissive intervention is within the sound discretion of the trial judge.  *Purnell*, 925 F.2d at 951.

As noted above, the motion to intervene is timely.  However, the Court's concerns mentioned above regarding consequences that would allow any Kentucky health care provider, CON holder, or affected entity to intervene in this case is greatly relevant when analyzing whether intervention is appropriate under Rule 24(b).  As explained previously, allowing intervention under these circumstances would allow all Kentucky CON holders to intervene if so desired, and intervenors have not shown how their situation or interest different from that of already existing parties.  Accordingly, the potential strains on judicial economy and inevitable delays, confusion, and prejudice to the existing parties that would result from unrestricted intervention by any number of affected entities weigh against allowing permissive intervention in this situation.

Moreover, as the Court is satisfied that the Cabinet and PTS adequately represent the putative intervenor's interests, intervention under Rule 24(b) is similarly denied.  While proposed intervenor's perspective is different from that of the Cabinet or PTS, they have not demonstrated that their contribution to the litigation will add unique value such that intervention is necessary.  Although proposed intervenor asserts that they share a much more diverse interest with its broad membership that is different than those of single provider [R. 47 at 10], they do not identify how they would actually present different arguments that would contribute to the litigation in a way that would require intervention.  Allowing them to intervene when their

10

interests and goals are so similar to that of PTS and the Cabinet would likely result in duplication of the Defendants' efforts, thus resulting in undue delay.  Coupled with the undue delay and prejudice that would result from multiple other affected entities with similar interests all seeking to intervene for the same reasons and under the same standard, the Court finds that allowing intervention in this case would not serve the interests of judicial economy.  *See Horrigan v. Thompson*, 229 F.3d 1152 (Table) [published in full-text format at 2000 U.S. App. LEXIS 22292], 2000 WL 1234346, *9 (6th Cir. 2000) ("this court observed that in addition to the four factors derived from [Rule 24(a)(2)] itself, judicial economy is a relevant consideration in deciding a motion for . . . intervention.") (citation omitted) (alteration in original).  Accordingly, permissive intervention is denied as well.

Nevertheless, to the extent that proposed intervenors do have a slightly different perspective from the Defendant, the Court will permit the putative intervenors, through counsel, to file a memorandum *amicus curiae* in support of their position.  *See Northland Family Planning*, 487 F.3d at 346 (affirming denial of permissive intervention where district court "addressed the relevant criteria required by Rule 24(b)" and allowed proposed intervenor to file an *amicus* brief).  While no rule governs the issue at the district court level, it is generally accepted as being within the district court's discretion to permit the filing of an *amicus* brief.  *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).  Allowing the proposed intervenor the opportunity to participate in the remaining proceedings as *amici curiae* will allow them to present their perspective and adequately address their concerns. *See Blount-Hill*, 636 F.3d at 287-88 (affirming denial of motion to intervene but finding that proposed intervenors "are not without a voice" because the district court permitted them to appear as *amici curiae*); *Stupak-Thrall*, 226 F.3d at 474 (finding that participation through filing

briefs as *amici curiae* sufficiently allowed appellants to make known their concerns and noting "that the concerns of an entity seeking intervention can be presented with complete sufficiency through such participation"); *Bradley*, 828 F.2d at 1194 (affirming denial of motions to intervene, in part because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [their counsel] to appear as *amicus curiae* in the case").

## II

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that

1. The Kentucky Hospital Association's Motion to Intervene **[R. 38]** is **DENIED**; and

2. Should, however, the putative intervenors wish to file a memorandum stating their position, their counsel is invited to brief the case as *amicus curiae*.  If the putative intervenor wishes to participate in this way, their counsel should file a motion seeking leave to file such a memorandum, attaching the *amicus* brief as an exhibit, **within twenty-one (21) days** of the entry of this Order.

This the 27th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge

12